551 A.2d 584

**COMMONWEALTH of Pennsylvania**

v.

**Vincent Francis CRUM, Appellant.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Vincent Francis CRUM.**

Superior Court of Pennsylvania.

Submitted Oct. 17, 1988.

Filed Dec. 12, 1988.

---

Norman D. Callan, Public Defender, Altoona, for appellant (at 770) and appellee (at 880).

Darlee E. Sill, Assistant District Attorney, Altoona, for Com., appellant (at 880) and appellee (at 770).

Before TAMILIA, WATKINS and CERCONE, JJ.

TAMILIA, Judge:

This matter involves cross-appeals, appellant/defendant appealing the judgment of sentence and appellant/Commonwealth appealing the trial judge's failure to impose the mandatory five year sentence for offenses against infant persons pursuant to 42 Pa.C.S. § 9718. Appellant Vincent Francis Crum appeals judgment of sentence rendered May 13, 1988. He was convicted on August 27, 1985 by a judge sitting without a jury of rape, 18 Pa.C.S. § 3121, indecent assault, 18 Pa.C.S. § 3126, and corruption of minors, 18 Pa.C.S. § 6301. After denial of post-verdict motions, appellant/defendant was sentenced to serve two and one-quarter to four and one-half years incarceration for the rape conviction to be followed by three years probation for the corruption of a minor conviction; the indecent assault conviction was held to have merged for sentencing purposes. Notice of appeal at No. 00770 Pittsburgh, 1988 was filed by appellant Crum on May 20, 1988; the cross appeal was later filed by the Commonwealth on June 1, 1988 at No. 00880 Pitts-

burgh, 1988. At No. 00770, appellant Crum urges his trial counsel was ineffective for many reasons, and he seeks a new trial. At No. 00880, the Commonwealth contends the court erred by failing to sentence Crum to the mandatory five year period of incarceration as required by 42 Pa.C.S. § 9718.

We first address appellant/Crum's appeal at No. 00770 Pittsburgh, 1988. The incident which resulted in the conviction occurred on or about August 2, 1984 in Altoona, Pennsylvania. Appellant Crum was involved in a relationship with the mother of the victim and in this manner had access to the victim on occasions when the mother was not present. The victim, who was born February 16, 1969, was fifteen years old at the time of the incident.

Crum first contends his trial counsel was ineffective for bringing into the trial on cross-examination of the victim the issue of her consent, as demonstrated by Polaroid photographs of her which Crum had taken in Texas prior to the August 1984 incident. The photographs showed the victim nude and semi-nude in various positions, and the defense counsel attempted to examine her about the fact that they showed her with a smile. Crum urges counsel was ineffective for introducing consent as a defense, because the defense was Crum had not committed the act on August 2, 1984. On this basis, he urges his counsel did not conduct himself at the minimum level of competency.

The Supreme Court recently reiterated in *Commonwealth v. Collins*, 519 Pa. 58, 545 A.2d 882 (1988), the standard of review in cases where ineffectiveness is alleged.

In resolving a claim of ineffective assistance of counsel, we have long followed the standard set forth in [*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967)]. In *Washington*, this Court observed that, in gauging the performance of an attorney at trial, the process must entail a comparison of the course adopted by counsel with the alternatives available. 427

Pa. at 603, 235 A.2d at 352. The Court then went on to provide what has become the guiding principle:

> [C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. (Emphasis in original.) 427 Pa. at 604–605, 235 A.2d at 352–353.

*Id.*, 519 Pa. at 64, 545 A.2d at 885.

■ We have thoroughly reviewed the record in this matter and find trial counsel for appellant did have some reasonable basis designed to effectuate his client's interests when he pursued the consent defense, in light of the evidence which nullified a strict denial defense. The evidence weighing against a denial defense as outlined in the Opinion of the trial court is as follows:

> On January 10, 1985, after being given his Miranda rights and acknowledging and waiving the same in writing, Mr. Crum was interviewed by Officer Sassano and Corporal Janet Freehling at City Hall. He at first denied any type of sexual misconduct with the girl; after being confronted with the aforesaid pictures by Officer Sassano, however, the defendant orally admitted that he had taken them in Texas and had there engaged in touchings of Sherry's breast and vaginal areas, continuing nonetheless in his denial that any such incidents had occurred subsequent to the return to Pennsylvania. At a second session with police on February 4, 1985, following a repeating of Miranda rights and his written waiver thereof, Mr. Crum conceded that he had committed several sexual touchings of her while living in Altoona upon coming back from Texas. On both occasions the defen-

dant denied to the two officers that he had ever had any kind of sexual intercourse, either forced or consensual, at either place with the victim.

In the course of his trial testimony Mr. Crum persisted in this denial of intercourse and also denied that any fondling had taken place at his brother's 3rd Avenue home. He did, however, admit the following acts while on the witness stand: (1) the taking of the snapshots in Austin, (2) that he 'got into a relationship with [Sherry]', 'a touching situation' which was 'not a heavy sexual relationship' with her in Texas, and (3) that while the vast majority of the 'touchings' occurred there on weekends over a three-month span there was 'one time' that he touched her breast while they were 'standing beside each other near the kitchen sink' for 'about a minute' on a weekend in the early part of December of 1984 at his new residence, 1008—1st Avenue in Altoona, the address to which he had moved on October 16, 1984 after living approximately four months at his brother's, on an occasion when Sherry's mother had gone to a laundromat (this was the only Altoona touching incident 'that I can remember' according to his testimony).

Slip Op., Brumbaugh, J., 3/11/88, pp. 15–16. We accordingly find Crum's first allegation of ineffectiveness to be without merit.

■ Next, Crum contends trial counsel was ineffective for raising Crum's failure to take a polygraph examination. Again, we conclude counsel's course had some reasonable basis since Crum's credibility was at issue and counsel sought to bolster his client's credibility in explaining appellant's failure to take a polygraph examination. Thus we find no ineffectiveness.

■ Third, Crum argues trial counsel's failure to secure testimony and documentation of Randy Dick, one of Crum's employers, as well as counsel's entering into a stipulation regarding Dick's testimony, resulted in ineffective assist-

ance. Randy Dick was served a subpoena but failed to appear; defense counsel agreed to enter a stipulation as to what Dick's testimony would have been. Counsel's decision to enter the stipulation had reasonable basis in effectuating Crum's interests in that the substance of what counsel believed Randy Dick's testimony would be was brought before the court. Present counsel would have us speculate, without foundation, that Randy Dick's testimony might have been different than stipulated. This we will not do.

■ Crum's fourth issue is counsel was ineffective for failing to request prior to or at the start of trial a view of the scene; instead, counsel made the request to view well after the trial was underway. We find this allegation to be without merit because no prejudice resulted from counsel's omission of early requesting a viewing as would have changed the result of the trial. *See Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987). As noted above, the trial was by a judge sitting without a jury; the judge, in his Opinion, indicated he would have denied such a request regardless of its timing since photographs are an acceptable means of depicting the crime scene, *see Commonwealth v. Thomas*, 346 Pa.Super. 11, 498 A.2d 1345 (1985), allocatur denied 514 Pa. 635, 522 A.2d 1105 (1987), and here, six color photographs of the interior of the house where the incident occurred were put before the court by the defense. The judge ruled:

> Since we are dealing with fixed or static objects (save only the couch [2]) these photos sufficiently augmented the testimony to aid our determination of the credibility of witnesses without need to go to the premises.

---

[2] Defendant's sister-in-law pointed out that the couch's position and location in the pictures were the same which it occupied in late July and early August of 1984.

Slip Op. at 588.

■ Additionally, Crum urges his trial counsel was ineffective for failing to object to hearsay "medical opinion"

evidence given by Officer Sassano, i.e., he believed there was indicated in the report that the victim's hymen had been partially perforated. We said in *Commonwealth v. Gallagher*, 341 Pa.Super. 152, 158, 491 A.2d 196, 199 (1985), the court looks to two factors to determine whether a judge was able to "maintain his impartiality after hearing incompetent evidence: (1) the 'inherently prejudicial quality' of the evidence involved; and (2) the importance of the evidence to the particular case."

In the case sub judice, the trial judge stated in his Opinion his belief in the victim's honesty and credibility regarding the incident. It is well established that the testimony of the injured person can be sufficient to sustain a conviction of rape. *Commonwealth v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1984). The testimony of the victim in the instant case clearly establishes penetration, thus the judge need not have considered the hearsay statement to make a finding of rape as an independent and more reliable basis for finding penetration existed. Accordingly, we find no prejudice resulted to Crum's case from his counsel's failure to object to the hearsay statement.

■ In his sixth issue, Crum argues trial counsel was ineffective for failing to make the motion in the nature of a demurrer in a timely fashion. Whether counsel should have properly entered a demurrer to the evidence at the close of the Commonwealth's case in chief, or a motion for judgment of acquittal at the close of all evidence, his failure to do so did not prejudice the outcome of the case because demurrers go to sufficiency of the evidence, which may be raised up to the final stage of post-trial proceedings and the trial judge would have denied such a motion since he found sufficient evidence to sustain convictions on all three charges. Again, we find no ineffectiveness.

■ In his seventh allegation of ineffectiveness, Crum urges counsel was ineffective for filing boilerplate post-ver-

dict motions and for failing to brief the issues raised in the post-verdict motion. As we said in *Commonwealth v. Smith,* 348 Pa.Super. 81, 95, 501 A.2d 656, 664 (1985), "Because appellant does not articulate any specific issues that trial counsel properly should have raised, ... this claim must fail." Further, we find no merit to the allegation that counsel was ineffective for failing to "press" the issue of his withdrawal by including an Order and rule returnable.

■ At No. 00880, the Commonwealth as appellant argues actual notice was given appellant that the Commonwealth would be seeking the mandatory five year sentence under 42 Pa.C.S. § 9718, and thus the court erred in failing to impose the mandatory sentence. The Commonwealth contends the language of 42 Pa.C.S. § 9718[1] is mandatory and does not contain a notice requirement, where as sections 9712(b) (relating to offenses committed with firearms), 9713(c) (relating to offenses committed on public transportation), 9714(c) (relating to second and subsequent offenses), and 9715(b) (relating to life imprisonment for homicide) do contain a requirement that the Commonwealth give notice of its intention to proceed under those sections after conviction and before sentencing. Additionally, the Commonwealth urges this Court's decision in *Commonwealth v. Leonhart,* 358 Pa.Super. 494, 517 A.2d 1342 (1986), allocatur denied 515 Pa. 620, 531 A.2d 428 (1987), is distinguishable from the instant case. The court in *Leonhart* ruled manifest injustice resulted to appellant therein because he was not given notice at the plea colloquy by the Commonwealth of the applicability of section 9718 or its intention to proceed under that section at sentencing. The Commonwealth argues such notice is only required where guilty

---

1. **§ 9718. Sentences for offenses against infant persons**
    (a) **Mandatory sentence.**—A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

    .    .    .    .    .

    18 Pa.C.S. § 3121 (relating to rape)—not less than five years.

    .    .    .    .    .

pleas are involved. We agree. Our reading of *Leonhart* shows the court there did find section 9718 requires notice of its applicability to be given appellant prior to sentencing in order for due process principles to be satisfied.

However, despite the fact that the *Leonhart* panel spoke in more comprehensive terms than the issue presented to it, it did succinctly state that issue in the following language:

When a defendant enters a plea knowingly and voluntarily, it is assumed that he has weighed the alternatives of going to trial versus entering a plea. This includes consideration of the evidence which he knows or has reason to believe the prosecution has available and whether, based upon his assessment of that evidence relative to the elements of the crime(s) charged, the Commonwealth is able to meet its burden of proof at trial. *Commonwealth v. Shaffer* [498 Pa. 342, 446 A.2d 591 (1982)].

*Id.*, 358 Pa.Superior Ct. at 497, 517 A.2d at 1344.

A knowing and voluntary guilty plea must provide the opportunity to a defendant to assess his chances of obtaining a reduced sentence as opposed to going to trial. A defendant may well take his chances at trial rather than entering a guilty plea if he is *made aware* that entering a guilty plea will require imposition of a five-year mandatory minimum sentence by the court. The mandatory sentence is required in section 9718, with no provision of notice prior to sentencing, therefore, a knowing and voluntary guilty plea must apprise the defendant of this fact to permit him to make an informed decision about the plea. Such a requirement is not relevant to trial as the offense, as detailed in the statute, prescribes a mandatory sentence of five years, and the appellant has made his choice to obtain any benefits which accrue to his defense and possible acquittal by going to trial.

This case is clearly distinguishable from *Leonhart* and also is distinguishable from those prosecutions under

section 9712 (sentences for offenses committed with fire arms); section 9713 (sentences for offenses committed on public transportation); section 9714 (sentence for second and subsequent offenses); and section 9715 (life imprisonment for homicide). In each of the above, notice of the prosecution's attempt to have the court impose the mandatory sentence is required prior to sentencing because at the time of sentencing the Commonwealth must prove, by a preponderance of the evidence, at section 9712, that the person visibly possessed a firearm during the commission of the offense (even though it is not an element of the crime); at section 9713, that the offense was committed on or about a public transportation vehicle or facility; at section 9714, a prior conviction for crimes of violence (which could not be admissible at trial); and at section 9715, a prior conviction of voluntary manslaughter or murder (which is not admissible at trial). Since no opportunity exists at trial for a defendant to enter a defense to those matters, due process requires that he be given notice of the proof to be presented so that he can prepare a defense. In section 9718, the age of the child is inherent in the proof of the case in chief, and if this is not correctly presented it can be disputed routinely and in due course. Therefore, the requirement for notice, properly incorporated in sections 9712, 9713, 9714 and 9715, effectuate due process, but are totally unnecessary and irrelevant to section 9718. We must assume the legislature understood this less than subtle distinction and drafted the legislation on minors, section 9718, (and the elderly, section 9717) accordingly.

For the above reasons, as to the appeal at No. 00770 Pittsburgh, 1988, the conviction is affirmed; as to the appeal at No. 00880 Pittsburgh, 1988, the judgment of sentence is vacated and case remanded for resentencing consistent with this Opinion.