568 A.2d 179

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bernard D. RYAN, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 25, 1989.

Decided Jan. 8, 1990.

**548**

Vernon D. Roof, Dist. Atty., Ridgway, for appellant.

Kim W. Riester, Scott, Vogrin & Riester, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION ANNOUNCING JUDGMENT
## OF THE COURT

McDERMOTT, Justice.

Before the Court for resolution is the appellant Commonwealth's appeal from an order of the Superior Court, 379 Pa.Super. 664, 545 A.2d 388, (memorandum opinion by Watkins and Cercone, JJ., with Olszewski, J., dissenting) which arrested the judgment of sentence and discharged the appellee Bernard D. Ryan. The pertinent facts are as set forth below.

In June, 1978, the appellee was arrested and charged with rape,[1] aggravated assault,[2] and indecent assault.[3] The crimes occurred in Elk County, Pennsylvania. A trial was scheduled to begin on October 11, 1978, and on September 11, 1978, a jury was impanelled and sworn to hear the case. On October 10, 1978, the Court was notified by the District Attorney, through the Court Administrator, that an essential Commonwealth witness was ill and would not be available to testify the next day at trial. Consequently, the Commonwealth requested a continuance or a postponement in the alternative. On November 8, 1978, a second jury was selected and sworn, with the trial scheduled to begin on November 15, 1978. On November 13, 1978, before the start of trial, the appellee pleaded guilty to the charge of rape and the second jury was dismissed. Subsequently, the appellee was sentenced to one and one-half (1½) to three (3) years imprisonment, pursuant to the agreed upon plea-bargain. There was no direct appeal from the judgment of sentence.

After the appellee completed his sentence and was released, he filed his first PCHA petition challenging the validity of his conviction on November 29, 1982. Simultaneously, he also filed a motion to withdraw his guilty plea. The lower court denied the petitions, and he appealed to the

1. 18 Pa. C.S.A § 3121
2. 18 Pa.C.S.A § 2702.
3. 18 Pa.C.S.A. § 3126.

Superior Court, which affirmed the judgment of the lower court on April 4, 1985 at No. 1316 Pittsburgh 1983. We subsequently denied his petition for allowance of appeal on September 23, 1985.

The appellee then filed a second PCHA petition, *pro se*, in which he argued that trial counsel was ineffective for failing to object to the declaration of mistrial on double jeopardy grounds, and that PCHA counsel was also ineffective for failing to raise trial counsel's ineffectiveness as to this issue. The petition was summarily dismissed by the Elk County Court of Common Pleas, and a *pro se* appeal was then filed with the Superior Court.

The Superior Court found the trial court record wholly inadequate as to the rationale behind the dismissal of the first jury. The case was remanded for a hearing and determination of whether prior counsel were ineffective in failing to raise the issue of double jeopardy.

On remand, the same judge who presided over the case in 1978 conducted the evidentiary hearing. The original district attorney on the case, the original defense counsel, and the previously unavailable Commonwealth witness all testified at the hearing. At the close, the court dismissed the petition and an appeal was taken to the Superior Court.

On appeal four issues were raised. The court considered only the issue of whether the respondent's prior counsel were ineffective for failing to raise the double jeopardy issue. The Superior Court found that the trial court abused its discretion in finding "manifest necessity" to declare a mistrial, which consequently had the effect of placing the appellee in double jeopardy. The Court noted that when the trial court declared a mistrial, no contemporaneous record was made which would have reflected the evidence presented, if any, the understanding of the court or the parties, or whether appellant had agreed to the grant of a mistrial. Accordingly, the trial court's order was reversed, the judgment of sentence arrested, and the respondent was discharged. The Commonwealth now appeals.

The Commonwealth's appeal presents essentially three issues: whether the Superior Court erred when it arrested the trial court's judgment on the basis of finding a lack of "manifest necessity" to declare a mistrial, whether counsel were ineffective for failing to raise the issue; and whether the relief granted by the Superior Court of Pennsylvania No. 874 Pittsburgh 1987, is in error as contrary to our holding in *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988).

Although the Commonwealth articulates several arguments of substantial merit, there is a larger issue before us, and that issue is whether the Superior Court's holding is contrary to our ruling in *Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984), a case which addressed the significance of the guilty plea for one who filed a PCHA petition seeking a reversal of his conviction. Appellee argues trial counsel and counsel at his first PCHA hearing were ineffective for failing to raise the issue of double jeopardy, and thus his conviction should not stand. However, irrespective of the procedural issues raised by the parties, the fact the appellee pleaded guilty to the charge of rape is of vital significance. As we have held:

"A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent; he acknowledges the existence of facts and intent; facts he acknowledges may or may not be within the powers of the Commonwealth to prove."

*Anthony, supra* at 558, 475 A.2d at 1307.

A defendant may plead guilty for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs. *Id.* The appellee pled guilty after the declaration of the mistrial and after the second jury was sworn in, but before the commencement of the second trial. He himself decided to acknowledge his guilt by pleading guilty prior to the beginning of the second trial. The plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but

also as to what the defendant knows to have happened. *Id.* There is no evidence on record that would indicate that the appellee was coerced into pleading guilty by the fact that his counsel failed to object on the issue of double jeopardy. What is generally and most objectively accepted is that a plea is offered to relieve conscience, to set the record straight and, as earnest of error and repentance, to accept the penalty. *Id.*

The record indicates the appellee's change of heart regarding his acknowledgement of guilt came substantially after he had served his sentence in prison. The appellee was released on parole after his imprisonment for the Elk County rape conviction he is now appealing before us. Following his release on parole, the appellee was tried and convicted for a rape-related offense in Warren County. In this appeal, he is attacking his Elk County conviction because of the consideration it was given as a prior offense by the sentencing judge in the subsequent Warren County case for which he is now imprisoned. Should this Court ultimately overturn the prior conviction in Elk County, the sentencing judge in Warren County would be required to resentence him.

The appellee clearly had the opportunity to raise this issue of ineffective assistance of counsel in a post-trial motion or in his first PCHA petition. He elected not to do so. It is obvious from the record that his first PCHA petition and this second PCHA petition, filed *pro se,* have been filed in order to attack the validity of the sentence he received after being convicted of rape in Warren County. The appellee is attacking his first rape conviction by claiming his counsel was ineffective for failing to raise a double jeopardy claim; however, if a defendant voluntarily, knowingly and intelligently wishes to acknowledge facts that in themselves constitute an offense, that acknowledgment is independent of the procedures of proving or refuting them. *Id.* The transcript of the guilty plea colloquy indicates that the defendant made a voluntary, knowing, and intelligent

plea of guilty, and was fully aware of the consequences of his actions.

It is well established that the defendant who pleads guilty is there to voluntarily say what he knows occurred, and that he will accept the legal meaning and legal consequence of what he has done. *Id.*

In this instance, we have an appellee who is unwilling to accept the consequences of his acknowledgment of the felonious act he committed in 1978. To reiterate, he has filed this petition because he has been convicted in Warren County for the rape related offenses, and this 1978 conviction became a burden on his second conviction. The appellee is utilizing a procedure generously afforded to him by the PCHA legislation to attack another conviction in an entirely unrelated matter in the hopes of diminishing the length of the sentence for his second conviction. His efforts are for nought. When a defendant pleads guilty, all that is required is that he understand, have knowledge of the nature of the offense in as plain a fashion as possible, and that the court be satisfied that the defendant understands and is willing to act on his understanding. *Id.* There is nothing in the record to indicate that these requirements have not been met. Consequently, the Superior Court is hereby reversed and the appellee's rape conviction reinstated.

NIX, C.J., files a concurring opinion in which PAPADAKOS, J., joins.

LARSEN, J., files a concurring opinion.

ZAPPALA, J., concurs in the result.

NIX, Chief Justice, concurring.

In this case the majority reaches the correct result but for a wholly improper reason. The majority opinion turns on the use of a guilty plea, citing *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984). I disagree with that analysis for two reasons: first, the ineffective assistance of counsel claim impacts upon the validity of the guilty plea.

The failure of the trial court to ascertain the actual condition of the allegedly ill Commonwealth witness prevents a finding of *manifest necessity* required to justify a declaration of a mistrial and the avoidance of a double jeopardy claim upon retrial. Failure of counsel to raise the double jeopardy claim as well as counsel's acquiescence in a guilty plea under the circumstances of the second trial clearly constituted ineffective assistance of counsel. Thus, our analysis may not rest on the consequences of a guilty plea.

Second, under *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988), a second PCHA petition should be dismissed absent a "strong *prima facie* showing ... that a miscarriage of justice may have occurred." *Lawson*, 519 Pa. at 513, 549 A.2d at 112. The abortion of a double jeopardy claim does not in itself represent a "miscarriage of justice." Such a claim is an affirmative defense and may be waived. *Commonwealth v. Gilman*, 485 Pa. 145, 401 A.2d 335 (1979); *Commonwealth v. Peters*, 473 Pa. 72, 373 A.2d 1055 (1977). Ineffective assistance of counsel for failure to plead double jeopardy could have been, but was not, put forward in the first PCHA petition. Thus, the rule of *Lawson* now applies.

Therefore, for the reasons stated above, I concur in the result of reversing the order of the Superior Court and reinstating the conviction for rape.

PAPADAKOS, J., joins in this concurring opinion.

LARSEN, Justice, concurring.

While I agree with the majority that the Superior Court must be reversed and appellee's rape conviction reinstated, I do so because I believe that appellee failed to sustain his burden of demonstrating sufficient reasons why a court should entertain his second PCHA petition under *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988). *Lawson* held that "a second or any subsequent post-conviction request for relief *will not be entertained* unless a strong *prima facie* showing is offered to demonstrate that a

miscarriage of justice may have occurred." *Id.* at 513, 549 A.2d at 112 (emphasis added).

Accordingly, the Court of Common Pleas of Elk County acted properly and well within its discretion when it summarily dismissed appellee's second PCHA petition, and Superior Court erred in reversing the court of common pleas and remanding for an evidentiary hearing concerning the effectiveness of prior counsel.