580 A.2d 8

**COMMONWEALTH of Pennsylvania**

v.

**Michael E. ZORN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 9, 1990.

Filed Aug. 17, 1990.

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for Com.

Before TAMILIA, JOHNSON and CERCONE, JJ.

TAMILIA, Judge.

Appellant Michael E. Zorn appeals from judgment of sentence entered September 19, 1989, after appellant pled guilty to robbery,[1] prohibited offensive weapon[2] and possessing instruments of crime[3] and was sentenced to a term of imprisonment of five to ten years on the robbery count.[4] The charges arose out of the robbery of a gas station by appellant using a sawed-off shotgun. A guilty plea hearing was held on July 25, 1989, at the conclusion of which the district attorney indicated that she and appellant's trial counsel had previously discussed the applicability of the mandatory sentence provision of 42 Pa.C.S. § 9712, and that she was giving notice of the Commonwealth's intention to seek the mandatory sentence. Sentence was deferred until

1. 18 Pa.C.S. § 3701(a)(1)(i) or (ii).
2. Id., § 908.
3. Id., § 907(a).
4. No further penalty was imposed as to the second and third counts.

September 19, 1989 pending receipt of a presentence investigation.

On appeal, appellant argues trial counsel was ineffective for failing to file a motion to withdraw the guilty plea where there was no notice of the application of a mandatory sentence before the plea was entered.

> A successful claim of counsel's ineffectiveness must address three inquiries: (1) whether the underlying claim is of arguable merit; (2) whether counsel had any reasonable basis for his chosen course of conduct; and (3) whether the course of conduct worked to the client's prejudice, i.e., had an adverse effect on the outcome of the proceedings. *Commonwealth v. Davis,* 518 Pa. 77, 541 A.2d 315 (1988). The law presumes that counsel is effective and the burden of establishing ineffective assistance is on the appellant. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985).

*Commonwealth v. Bruner,* 388 Pa.Super. 82, 92, 564 A.2d 1277, 1287 (1989). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989).

The Supreme Court recently found the fact of a guilty plea to be of "vital significance."

> A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent; he acknowledges the existence of facts and intent; facts he acknowledges may or may not be within the powers of the Commonwealth to prove.

*Commonwealth v. Ryan,* 523 Pa. 547, 549, 568 A.2d 179, 181 (1990), quoting *Commonwealth v. Anthony,* 504 Pa. 551, 558, 475 A.2d 1303, 1307 (1984).

A person may attack a guilty plea after sentencing on three grounds: (1) the legality of the sentence; (2) the jurisdiction of the court; and (3) the voluntary, knowing and intelligent nature of the plea itself. *Commonwealth v. Alston,* 387 Pa.Super. 393, 564 A.2d 235 (1989). In the instant case, appellant filed a pro se petition for reconsideration of sentence which stated as grounds for relief:

Misrepresentation by counsel. Did not fully understand sentencing guidelines, misunderstand [sic] of charges. The charges were never explained to him by counsel.

In the interests of fairness and judicial economy, this Court will view appellant's petition as an attack on the voluntariness of the plea and address this claim on its merits.

To be valid, a plea of guilty must be voluntarily, knowingly and intelligently made by the defendant, i.e., "with an understanding of the nature of the charges against him, his right to a jury trial and an awareness of the consequences of his plea." *Commonwealth v. Enty*, 442 Pa. 39, 40, 271 A.2d 926, 927 (1971), quoted in *Commonwealth v. Khorey*, 521 Pa. 1, 4, 555 A.2d 100, 104 (1989). It is now well established in Pennsylvania that a defendant seeking to withdraw his guilty plea after sentence has been imposed must demonstrate that a manifest injustice has occurred justifying withdrawal. *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984); *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). In determining the validity of a plea, this Court will look at the totality of the circumstances surrounding the plea. *Schultz, supra.*

In attacking the validity of his guilty plea, appellant relies on the decisions of this Court in *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985) (en banc), and *Commonwealth v. Leonhart*, 358 Pa.Super. 494, 517 A.2d 1342 (1986). For the reasons given *infra*, we find these decisions distinguishable from the case at bar.

In *Reagan*, the defendant pled guilty to driving while under the influence of alcohol, 75 Pa.C.S. § 3731(a), and was sentenced under the recidivist provision of the statute because of an alleged prior conviction for driving while under the influence of alcohol. This Court noted the similarities between the sentencing provisions of the drunk driving law and the mandatory minimum sentencing statutes, 42 Pa.C.S. § 9712 *et seq.*, and found the notice provisions of the mandatory minimum sentencing laws to be helpful in resolving the issue before it.

Appellant argues *Reagan* establishes the requirement of notice of a mandatory sentence prior to a guilty plea. While there is merit in that contention, we find it did not hold such a requirement was apposite to that case because the issue was not raised. In *Reagan,* the issue was posited in the form of a claim of error by the Commonwealth arising from the trial court's refusal to apply the mandatory sentencing factor to the case since the recidivist nature of the offense was not alleged in the information. Following a finding that the trial court was in error in not applying the mandatory sentence to a recidivist, while not relevant to its decision, this Court distinguished a trial from a guilty plea in applying a notice requirement.

When a defendant pleads guilty rather than proceeds to trial, however, the defendant must be advised of the recidivist statute *prior to entering his guilty plea. There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea. Knowledge of the higher mandatory minimum sentence for repeat offenders may affect the defendant's decision to plead guilty even though knowledge of the recidivist penalty would not affect a defendant's defense for the crime charged. Therefore, although notice of the recidivist penalty is not required prior to trial, it is required prior to a guilty plea.*

*Id.* 348 Pa.Super. at 594, 502 A.2d at 707 (emphasis added).

*Leonhart, supra,* on which appellant also relies, dealt with a guilty plea to a charge of involuntary deviate sexual intercourse with a person less than sixteen years of age. The defendant was then sentenced under the mandatory sentencing provision of 42 Pa.C.S. § 9718, *Sentences for offenses against infant persons.* The *Leonhart* Court noted it did not find any authority to support a requirement that notice of the penalty provisions of section 9718 be given to a defendant prior to sentencing. However, the court noted that in three other sections of the mandatory

sentencing scheme, including section 9712, *Sentences for offenses committed with firearms,* at issue instantly, notice prior to sentencing was required for identical mandatory sentences of five years total confinement. By analogy, the *Leonhart* Court concluded notice was required in that case to conform to the requirement of a uniform and harmonious sentencing structure. The Court reviewed the *Reagan* decision and compared the similarities in both the recidivist provisions of 75 Pa.C.S. § 3731 and the notice provisions of the mandatory sentencing statutes, 42 Pa.C.S. §§ 9712, 9713, *Sentences for offenses committed on public transportation,* and 9714, *Sentences for second and subsequent offenses,* before concluding, "[w]ere we to hold *Reagan* applicable to the instant case, we note that the Commonwealth would have had to apprise appellant of its intention to proceed under section 9718 even before appellant's plea had been entered of record at the plea proceeding." *Id.* at 499 n. 10, 517 A.2d at 1347 n. 10. The date of the appellant's resentencing in *Leonhart,* however, preceded our decision in *Reagan,* and therefore "the trial court was denied the benefit of its instruction", *id.,* and the *Leonhart* Court was similarly unable to apply it on appeal.

In a recent case involving the imposition of a mandatory sentence under section 9718, albeit a case involving a trial rather than a guilty plea, we stated:

> [D]espite the fact that the *Leonhart* [358 Pa.Super. 494, 517 A.2d 1342 (1986)] panel spoke in more comprehensive terms than the issue presented to it, it did succinctly state that issue in the following language:

> > When a defendant enters a plea knowingly and voluntarily, it is assumed that he has weighed the alternatives of going to trial versus entering a plea. This includes consideration of the evidence which he knows or has reason to believe the prosecution has available and whether, based upon his assessment of that evidence relative to the elements of the crime(s) charged, the Commonwealth is able to meet its burden of proof

at trial. *Commonwealth v. Shaffer*, [498 Pa. 342, 446 A.2d 591 (1982) ].

*Id.* 358 Pa.Super. at 497, 517 A.2d at 1344.

A knowing and voluntary guilty plea must provide the opportunity to a defendant to assess his chances of obtaining a reduced sentence as opposed to going to trial. A defendant may well take his chances at trial rather than entering a guilty plea if he is *made aware* that entering a guilty plea will require imposition of a five-year mandatory minimum sentence by the court.

*Commonwealth v. Crum*, 380 Pa.Super. 280, 285, 551 A.2d 584, 589 (1988).

*Crum*, then, illustrates both the overall precedential value of *Reagan* and *Leonhart* to section 9712 cases, as well as the true benchmark for determining whether a guilty plea was knowing and voluntary, i.e., the totality of the circumstances.

In determining whether to accept a guilty plea, at a minimum the judge should ask questions designed to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Comment, Pa.R.Crim.P. 319.

At the guilty plea hearing, appellant was informed of the above elements of his guilty plea (N.T., 7/25/89, pp. 2–8). Appellant was also informed prior to the plea colloquy that robbery is a first degree felony punishable by a maximum

period of incarceration of ten to twenty years and possessing a prohibited offensive weapon and possessing instruments of crime were each punishable with incarceration up to two and one-half to five years. Determining appellant had entered the guilty plea voluntarily and knowingly, the court accepted the plea. In a crucial statement, for the purpose of this appeal, the district attorney then stated:

> Your Honor, there has been a discussion with defense counsel about the fact that this is a mandatory five year case because of Title 4, Subsection 972 [sic], that mandate robbery cases where a gun is involved the sentence has to be five to ten years and because of that the defense would like a presentence and I think we will discuss that I guess at the sentencing but I am hereby giving notice that we do intend to seek the mandatory five years.

*Id.* at 13. This statement is neither refuted nor contested by appellant and must be taken to mean that appellant, through his counsel, had knowledge before, during and after the guilty plea of the Commonwealth's intention to seek the mandatory sentence.

Upon receipt of the presentence investigation, the court held a sentencing hearing on September 19, 1989. At that hearing, defense counsel presented a summary of mitigating factors, noted the Commonwealth had filed notice of its intention to seek the mandatory five-year sentence, and requested "the Court impose no penalty greater than the minimum required under the law as it appears to me to be." (N.T., 9/19/89, pp. 2–3.) Appellant was asked by the court if he had anything to say and he said no. The district attorney then stated she had mailed certified copies of the Commonwealth's notice of intention to seek the mandatory sentence to defense counsel and appellant and had received return receipts for each. When the district attorney prepared to call two witnesses to testify as to appellant's use of the gun in the robbery, defense counsel stated, although there was some question concerning use of the gun at the time of entry of the guilty plea, appellant was now "con-

ceding that a gun was used in the commission of the crime."
*Id.* at 3-4.

As a final matter, this Court notes, as did the sentencing court, section 9712 specifically requires notice only prior to sentencing. The statute provides:

**(b) Proof at sentencing.**—Provisions of this section shall not be an element of the crime and *notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.* The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712(b) (emphasis added).

▆▆ We now find section 9712, however, as well as the other statutory mandatory sentencing provisions,[5] requires notice to a defendant of its applicability prior to the entry of a guilty plea, not only prior to sentencing, (*Commonwealth v. Schmuck*, 385 Pa.Super. 617, 561 A.2d 1263 (1989) (statutes in a scheme concerning the same subject matter should be construed, whenever possible, as one harmonious component of the entire statutory structure)). It is evident these statutes were constructed as they would relate to a trial, as during trial, evidence might or might not be adduced to bring into play the mandatory sentencing requirement. As such, notice prior to trial of the mandatory sentence provision would be unnecessary and impractical, *see Reagan, supra.* A guilty plea, however, involves waiving of sub-

**5.** 42 Pa.C.S. §§ 9713; 9714; 9715; 9717; 9718; and 9719. We must caution, the application of this principle does not apply to the deadly weapons enhancement under the Sentencing Guidelines, 42 Pa.C.S. § 9721 (204 Pa.Code § 303.4). Under the guidelines, judges have discretion, whereas under the mandatory sentencing provisions they do not, and nowhere in the sentencing guidelines is notice required of the specific factors to be used. *See Commonwealth v. Septak,* 359 Pa.Super. 375, 518 A.2d 1284 (1986).

stantial rights and defenses and admits all relevant allegations to establish guilt, which must be proven at trial. A trial may not result in application of the mandatory sentence provision if sufficient evidence is not produced to sustain it, even though a subsequent hearing on the matter is reserved for sentencing. The legislature could not have intended that a guilty plea be accepted without providing a defendant with knowledge of the full consequences of a guilty plea as opposed to a trial. We must now examine the totality of the circumstances in this case to determine whether a manifest injustice to appellant has occurred justifying withdrawal of his guilty plea. *Schultz, supra; Shaffer, supra.*

■ This Court's examination of the record leads us to find appellant's guilty plea was knowing and voluntary. Appellant's counsel had notice of the Commonwealth's intention to seek the mandatory minimum sentence in discussion with the district attorney prior to entry of appellant's guilty plea. Moreover, both defense counsel and appellant received written notice of the Commonwealth's intention prior to sentencing, as required statutorily. At sentencing, appellant conceded the Commonwealth's ability to establish the applicability of section 9712, but informed the court he had nothing else to say after his counsel cited mitigating factors and asked the court to limit the sentence to the mandatory minimum. Up until that time the appellant was free to challenge the applicability of the mandatory sentence or even move to withdraw his guilty plea due to his unwillingness to accept the five years incarceration which he knew would accompany the plea. As he said nothing, the court then imposed a sentence "less than half the statutory maximum [appellant] knew he could receive prior to the offer and acceptance of his plea." (Slip Op., Kelly, Robert J., 4/2/90, pp. 3–4.)

Based upon the totality of the circumstances, we find no manifest injustice occurred justifying withdrawal of appellant's guilty plea, therefore, this claim is without merit, and

counsel was not ineffective for failing to file a motion to withdraw the guilty plea. *Durst, supra.*[6]

Judgment of sentence affirmed.

**6.** While *Commonwealth v. Leonhart,* 358 Pa.Super. 494, 517 A.2d 1342 (1986), and *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985) (en banc), instruct us that the holding we promulgate with this case is the correct one, since this case is the first to deal with the precise issue on appeal, we hold that application of the principle announced here shall be prospective only.