J-S60001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY JOSEPH PERSAVAGE, JR. | : | No. 1697 MDA 2017 |

Appeal from the PCRA Order October 19, 2017
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000888-2011

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 29, 2018**

Appellant, the Commonwealth of Pennsylvania ("Commonwealth"), appeals from the order granting the Post Conviction Relief Act[1] ("PCRA") petition, filed by Jeffrey Joseph Persavage, Jr. ("Appellee").  We  reverse.

On August 17, 2011, Appellee was charged with sixteen drug offenses. On November 18, 2013, Appellee entered a plea of *nolo contendere* to four counts of possession with intent to deliver a controlled substance ("PWID")[2] at counts 1, 4, 13, and 15.  A plea colloquy was held that same day, and on November 20, 2013, the trial court reviewed the plea colloquy and sentenced Appellee as follows: count 13, sixty to 120 months of incarceration; count 1,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

_____

*   Retired Senior Judge assigned to the Superior Court.

twelve to twenty-four months of incarceration; count 4, six to twelve months of incarceration; and count 15, six to twelve months of incarceration. N.T., 11/20/13, at 35-51. The trial court ordered all four of Appellee's sentences to run concurrently, awarded Appellee credit for time served, and stated that Appellee was Recidivism Risk Reduction Incentive ("RRRI") eligible.[3] **Id.** at 45-48.

On December 16, 2013, Appellee filed a notice of appeal. The trial court appointed Melissa Norton, Esquire, of the Northumberland County Public Defender's Office as counsel for Appellee. Order, 5/6/14. Appellee's counsel filed a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), alleging that "[Appellee's] guilty plea was not knowingly, voluntarily and intelligently entered." Pa.R.A.P. 1925(b) Statement, 6/6/14. On September 18, 2014, the trial court filed a Pa.R.A.P. 1925(a) opinion responding to Appellee's claim of error concluding that Appellee's appeal was meritless and that Appellee's plea was knowingly, voluntarily, and intelligently entered. Trial Court Opinion, 9/18/14, at 12-13. Prior to this Court reviewing Appellee's appeal on the merits, Appellee's counsel filed a *praecipe* to discontinue the appeal, and Appellee's direct appeal at 494 MDA 2014 was discontinued.

---

[3] 61 Pa.C.S. §§ 4501-4512.

On December 9, 2014, Appellee filed a timely PCRA petition. The PCRA court appointed counsel, and counsel filed an amended PCRA petition on July 27, 2016. On February 15, 2017, the PCRA court reinstated Appellee's direct appeal rights *nunc pro tunc*. However, counsel filed a motion to withdraw, and Appellee sought to represent himself. On March 3, 2017, the PCRA court held a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if Appellee's waiver of counsel was knowing, intelligent, and voluntary. On March 6, 2017, the PCRA court granted counsel's motion to withdraw, directed counsel to serve as stand-by counsel for Appellee, vacated its order reinstating Appellee's direct appeal rights,[4] and scheduled a hearing on Appellee's PCRA petition. The PCRA court held a hearing on October 6, 2017, and in an order filed on October 19, 2017, the PCRA court found that Appellee's *nolo contendere* pleas were not entered voluntarily. The PCRA court granted Appellee relief and vacated his judgments of sentence, and on November 3, 2017, the Commonwealth filed a timely appeal. Both the PCRA court and the Commonwealth have complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth raises the following issues for this Court's consideration:

> I. Whether the PCRA court lacked jurisdiction to grant relief for counts 1, 4, and 15 because [Appellee] completed his concurrent

---

[4] The PCRA court vacated the order reinstating Appellee's direct appeal rights at Appellee's request. N.T., 3/3/17, at 11.

sentences for those counts before the PCRA court filed its order on October 19, 2017?

II. Whether the PCRA court erred by concluding [Appellee] entered a[n] [un]lawful plea because after [Appellee's] direct appeal rights were reinstated with the consent of the Commonwealth, [Appellee] chose to not file a direct appeal and he chose to proceed directly to the PCRA stage, thereby waiving any substantive claim that he entered an unlawful plea?

III. Whether the PCRA court erred because it credited the testimony of Trudy Persavage although the Commonwealth opposed her testimony because [Appellee] did not provide the Commonwealth with notice that she would appear as a witness at the PCRA hearing on October 6, 2017 (and required accompanying information) pursuant to 42 Pa.C.S.A. § 9545(d)(1)?

IV. Whether the PCRA court erred because the written plea colloquy established that [Appellee], a person experienced with the criminal justice system, entered a lawful plea?

V. Whether the PCRA court erred because [Appellee's] sworn statements on November 18, 2013 established that he was persuaded, not coerced, to enter a plea, and [Appellee's] sworn statements on November 20, 2013 confirmed that the structure of his plea remained the same?

VI. Whether the PCRA court erred because [Appellee's] PCRA testimony also established that he considered the totality of the circumstances and entered a lawful plea that was not coerced?

VII. Whether the PCRA court erred because it did not reference or make credibility determinations concerning the PCRA testimony of [Appellee's] plea counsel and the trial prosecutor where their testimony was credible and established that [Appellee] entered a lawful plea?

VIII. Whether the PCRA court erred because it incorrectly concluded that it was unlikely that the Commonwealth's motion to revoke bail would be granted where [Appellee] was charged with new drug trafficking crimes while the instant case was at the pre-plea stage and the trial court has broad discretion to revoke bail?

Commonwealth's Brief at 3-4.

- 4 -

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

In the Commonwealth's first issue, it alleges that the PCRA court lacked jurisdiction to grant relief for counts 1, 4, and 15 because Appellee had completed his concurrent sentences for those counts before the PCRA court filed its October 19, 2017 order. Commonwealth's Brief at 15. Section 9543 of the PCRA, entitled "Eligibility for relief," states:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>>
>>> **(i) currently serving a sentence of imprisonment, probation or parole for the crime**;
>>>
>>> (ii) awaiting execution of a sentence of death for the crime; or
>>>
>>> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). We conclude that the PCRA's requirement that a petitioner must be currently serving a sentence of imprisonment, probation, or parole implicates only his eligibility for relief; it is

not jurisdictional.[5]    As will be discussed below, because we conclude that Appellee waived the issue upon which the PCRA court granted relief, this eligibility issue is of no moment.    Accordingly, we will address the Commonwealth's next issue.

In the Commonwealth's second issue it argues that Appellee waived his challenge to the voluntariness of his *nolo contendere* plea because he failed to raise it on direct appeal.  After review, we agree.

"[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."   42 Pa.C.S. § 9544(b).   "Ordinarily, failure to petition to withdraw plea, combined with failure to pursue direct appeal will bar consideration of an attack on one's plea in collateral proceedings." ***Commonwealth v. McGriff***, 638 A.2d 1032, 1036 (Pa. Super. 1994).

In granting Appellee PCRA relief, the PCRA court made the following findings:

> [Appellee] contends that he was unduly pressured into accepting a plea agreement on the morning of his trial by certain

---

[5] We are cognizant of this Court's decision in ***Commonwealth v. Ahlborn***, 683 A.2d 632 (Pa. Super. 1996) (*en banc*).  In that case, this Court stated that  the "currently serving" a sentence requirement of the PCRA must be met in order to confer upon a court jurisdiction to hear a PCRA petition.  ***Ahlborn***, 683 A.2d 636.   However, our Supreme Court did not consider the issue jurisdictional; it concluded that the issue was eligibility for PCRA relief.  ***See Commonwealth v. Ahlborn***, 699 A.2d 718, 719 (Pa. 1997) ("At issue is whether one who has filed a PCRA petition while serving a sentence of imprisonment **remains eligible** for relief in the event that, prior to any final adjudication of the petition, he is released from custody.") (emphasis added).

threats and promises prior thereto. This was labeled as Claim No. 5 in the amended PCRA petition. As [Appellee] set forth in his petition:

> "b. the Prosecution unduly pressured the [Appellee] into accepting a plea by making threats and promises to:
>
> i. Seize [Appellee's] bail (i.e. his mother's home) by filing a motion for forfeiture and promising only to withdraw in exchange for [Appellee's] plea.
>
> ii. Arrest [Appellee's] mother and file additional charges if proceeding with trial...."

There were several factors that led him to finally relent to follow his attorney's recommendations that he accept the plea agreement. First, approximately five (5) weeks prior to his plea, the Commonwealth filed a Motion to Forfeit Bail based upon his arrest in York County for narcotic related offenses. This was still pending, with his mother's house as collateral for the bail of $50,000. Second, there were allegations involving some possible improprieties as to two of the sitting jurors in his case. Again, concerns were being raised by the Commonwealth to the trial judge that possibly involved [Appellee's] mother. Those concerns on [Appellee's] mind played an important role in his decision to forego trial by accepting the plea agreement.

> At the time of the entry of the plea of nolo contend[e]re, "the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011), quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993).

> The colloquy here was conducted over the course of two (2) meetings in Judge Sacavage's chambers on November 18, 2013, at the time of jury selection, and subsequently on the morning of trial on November 20, 2013. On the first occasion, the following significant exchange took place:

> THE COURT (Judge Sacavage): And are you entering this plea today of your own free will?

[APPELLEE]: Yes.

THE COURT: Did anybody force you, threaten you, coerce you in any way to take this plea?

[APPELLEE]: They filed a motion to - - for my mother to forfeit bail and promised to withdraw it in order to get my plea. That is part of the agreement.

THE COURT: Is that part of the agreement?

MR. GORMAN [(Attorney for the Commonwealth)]: That is my understanding. Mr. Cole is prepared to withdraw the motion to forfeit the bail, which would - - my understanding it is [Appellee's] mother's house. That is part of the agreement, your Honor.

THE COURT: That was a promise made and it is a matter of record.

MR. GORMAN: To whatever extent that is pressure - -

THE COURT: Finish, Mr. Gorman.

MR. GORMAN: I was just saying that is part of the agreement, Your Honor. So it wasn't stated, but I would indicate that that is part of the agreement.

THE COURT: It wasn't expressly set forth. You brought it to the [c]ourt's attention. It has been confirmed by counsel. If that is a promise that was made, I will consider that as part of the plea agreement. Now, you are free to not make such an agreement. Do you believe that you were forced or coerced because of that part of the agreement?

[APPELLEE]: No. Persuaded. (TR. pp. 4-5)

Even though [Appellee] indicated at that time that the bail forfeiture involving his mother's home was a persuasive reason for his entry into a plea agreement, there was no further inquiring as to this coercive effect in the colloquy by Judge Sacavage at the time of the actual entry of the plea and sentencing on the morning

of the trial two (2) days later. At the second meeting in chambers on November 20, 2013, the following occurred:

> [APPELLEE]: Your Honor, I would like the record to reflect that not written in the plea would be the agreement to withdraw the bail forfeiture motion as well.
>
> MR. GORMAN: That's correct. That was part of the agreement. It wasn't stated in the plea agreement form, but that was discussed and was part of the original agreement on Monday. And that would be accomplished. It is part of the plea.
>
> THE COURT (Judge Sacavage): Right. I remember that. I don't know if I explained, however, when you enter a plea your rights on appeal are limited. (TR. pp. 37-38).

Judge Sacavage made no inquiry as far as the voluntariness of [the] plea on that occasion, which was compounded by the fact that the judge had just previously called [Appellee's] mother into chambers to advise her that she could not have any further contact with any Commonwealth witnesses or jurors, and disobedience of that Order could result in her being held in contempt of court (TR. pp. 33-34). The meeting with the Court [and Appellee's] mother was relayed by his attorney to [Appellee].

[Appellee's] mother testified at the PCRA hearing that her son's attorney gave her the impression that she could be in serious trouble for jury tampering and witness intimidation. She related that when she was called into chambers, the judge was angry and upset … that she knew some of the jurors. She did know two people that were on the jury.

More significantly, it was never explained to [Appellee], either by Judge Sacavage or his counsel, that the bail forfeiture should not be a factor in his decision to enter the plea. [Appellee] had not missed any appearances in court. Another arrest is not a violation of the conditions of bail that should affect a third party non-professional surety. Bail forfeitures as to a family member's property should only be enforced as to a defendant's failure to appear. This was later codified in 42 Pa. C.S. § 5747.1 (effective October 30, 2015): "No third-party surety shall be responsible to

- 9 -

render payment on a forfeited undertaking if the revocation of bail is sought for failure of the [Appellee] to comply with the conditions of the [d]efendant's release other than appearance." See also Pa. R.Crim.P. 536(A)(2). The matter of an appropriate situation for forfeiture has always been within the discretion of the trial judge. *See Commonwealth v. Hann*, 81 A.3d 57 (Pa. 2013). Clearly, the possibility of [Appellee's] mother losing her home because of the technical violation was a very remote one. Yet [Appellee] here was left with the impression that it was likely that bail forfeiture would occur with the loss of his mother's home.

In a situation where a [d]efendant has a materially erroneous understanding of the law, a plea based thereon has been rejected as an unknowing one. *See Commonwealth v. Flanagan*, 854 A.2d 489 (Pa. 2004) (mistaken plea to an offense not actually implicated by defendant's conduct is manifest injustice requiring post-conviction relief). Likewise, in *Commonwealth v. Gunter, supra*, coercive circumstances and a failure to have a complete colloquy as to the voluntariness of the plea, support a finding of "manifest injustice" as to the acceptance of the plea.

This Court concludes, under the circumstances, [Appellee] did not voluntarily, knowingly and intelligently enter his plea of nolo contend[e]re. He was under misguided concerns as to what may happen to his mother if he went forward with trial. The trial judge did not as part of his colloquy ask any follow up questions as to [Appellee's] expression of being "persuaded" to plea, and to allay the misguided bail forfeiture concerns as a reason for entering the plea.

Order, 10/19/17, at 1-5.

Although the PCRA court explains that the entry of an involuntary plea is a manifest injustice, the PCRA court did not address waiver or the ramifications of Appellee's failure to raise this issue on direct appeal. As the Commonwealth correctly explains in its brief, a defendant can challenge a guilty plea on direct appeal on three grounds: the legality of the sentence; the underlying court's jurisdiction to accept the plea; and **whether the plea was**

**entered voluntarily, knowingly and intelligently by the defendant**.
Commonwealth's Brief at 18 (citing **Commonwealth v. Zorn**, 580 A.2d 8, 9
(Pa. Super. 1990) (emphasis added)).

As we discussed above, although Appellee raised the voluntariness of
his plea in his 2013 direct appeal, he opted to discontinue that appeal.
Moreover, Appellee had a second opportunity to raise this issue when the
PCRA court reinstated his direct appeal rights *nunc pro tunc*. However,
Appellee chose instead to proceed *pro se*, abandon his reinstated direct
appeal, and inexplicably pursue relief under the PCRA. It is well settled that
*pro se* status confers no special benefit upon a litigant, and any person
choosing to represent himself in a legal proceeding must, to a reasonable
extent, assume that his lack of expertise and legal training will be his undoing.
**Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005).

We point out that Appellee's underlying challenge to his plea is
procedurally similar to an issue this Court found waived in **Commonwealth
v. Johnson**, 179 A.3d 1153 (Pa. Super. 2018). In **Johnson**, we explained:

> [The a]ppellant's challenges to trial and appellate counsels'
> representation all concern his decision to plead guilty. In brief,
> [the a]ppellant attached documentation provided to him upon
> appointment of counsel, which stated in pertinent part, "Listen to
> your attorney: You will be given advice from family, friends, co-
> workers ... your attorney is the person who knows all the details
> and all the information in regard to your case." *Pro se* PCRA
> petition, Exhibit A.1. [The a]ppellant maintains that he "followed
> his trial counsel's advice and was taken advantage of." [The
> a]ppellant's brief at 9. Taken together, [the a]ppellant maintains
> that he was forced into accepting the plea.

- 11 -

> **This particular claim is virtually indistinguishable from an allegation that counsel coerced him into pleading guilty, which is waived since it could have been presented on direct appeal as a challenge to the voluntariness of his plea**.

*Johnson*, 179 A.3d at 1158-1159 (emphasis added).

In the case at bar, Appellee could have challenged the voluntariness of his plea on direct appeal, but he failed to do so. Therefore, the issue was waived, and it was not properly before the PCRA court. *Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012); 42 Pa.C.S. § 9543(a)(3). Accordingly, the PCRA court erred in granting Appellee's PCRA petition because Appellee was not eligible for relief on this claim. *See Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007) ("[T]o be entitled to PCRA relief, a petitioner must plead and prove, *inter alia*, that the allegation of error has not been previously litigated or waived.").

For the reasons set forth above, we conclude that the PCRA court erred in granting Appellee's PCRA petition. Therefore, we reverse the order of the PCRA court.[6]

---

[6] In light of our holding, we need not address the Commonwealth's remaining issues on appeal.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2018