J-S01044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DASHAN OMAR ANDINO | : | |
| | : | |
| Appellant | : | No. 341 MDA 2024 |

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002840-2019

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FEBRUARY 18, 2025**

Appellant, Dashan Omar Andino, appeals *pro se* from the order entered in the Court of Common Pleas of York County on February 5, 2024, dismissing Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. We affirm in part and reverse in part.

Appellant was charged in three separate cases for incidents that took place in 2019 and 2022. In case CP-67-CR-0002840-2019, Appellant pleaded guilty to two counts of endangering the welfare of a child, one count of persons not to possess a firearm, fleeing and eluding a police officer, hit and run attended, and driving under a suspended license.[1] In case CP-67-CR-

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 4304(a)(1); 18 Pa.C.S.A. § 6105(a)(1); 75 Pa.C.S.A. § 3733(a); 75 Pa.C.S.A. § 3743(a); 75 Pa.S.C.A. § 1543(a).

0002559-2019, Appellant pleaded guilty to fleeing and eluding a police officer, resisting arrest, and driving under a suspended license.[2] In case CP-67-CR-0003009-2022, Appellant pleaded guilty to fleeing and eluding a police officer and driving under a suspended license.[3]

While represented by counsel, Joshua E. Neiderhiser, Esquire, Appellant entered a negotiated guilty plea on October 3, 2022. Appellant was provided a written guilty plea colloquy which he signed and initialed. An oral guilty plea colloquy was also conducted on the record. N.T., 10/3/22, at 5-8. At the end of the guilty plea hearing, the court found Appellant to have knowingly, voluntarily, and intelligently entered into the agreement and sentenced him on all counts to an aggregate term of five to ten years' incarceration. *Id.* at 13. As part of the negotiated sentence, Appellant expressly waived credit to time served.

Appellant did not file a post-sentence motion or a direct appeal. On May 19, 2023, Appellant filed his first *pro se* PCRA petition raising two issues. First, he asserted that trial counsel was ineffective for coercing him to enter a guilty plea and waive his right to pretrial credit of time served towards his sentence. *Pro Se* PCRA Petition, 5/19/23, Claim Attachment. Second, he asserted that trial counsel was ineffective for failing to file a pretrial motion pursuant to

---

[2] 75 Pa.C.S.A. § 3733(a); 18 Pa.C.S.A. § 5104; 75 Pa.C.S.A. § 1543(a).
[3] 75 Pa.C.S.A. § 3733(a); 75 Pa.C.S.A. § 1543(a).

Pa.R.Crim.P. 600. *Id*. On July 6, 2023, Appellant was appointed Brandy G. Hoke, Esquire, as PCRA counsel. Tr. Ct. Order, 7/6/23, at 1.

While Appellant's PCRA petition was pending, Attorney Hoke determined that Appellant had raised no issues of merit. Attorney Hoke sent Appellant a **Turner/Finley** letter informing Appellant of her intent to withdraw as counsel. The letter described in detail the extent of counsel's review of the case and applicable caselaw, her conclusions that there are no issues of merit, and Appellant's right to retain new counsel. **See Turner/Finley** Letter, 8/5/23, at 1-10. On August 6, 2023, Attorney Hoke filed a Petition to Withdraw as counsel. On August 14, 2023, pursuant to Pa.R.Crim.P. 907, the Honorable Harry M. Ness filed a notice of intent to dismiss Appellant's PCRA petition. On September 7, 2023, Judge Ness granted Attorney Hoke's motion to withdraw, finding that counsel satisfied the **Turner/Finley** requirements.

On September 8, 2023, Appellant filed a response to counsel's no-merit letter. In his response, he presents arguments for the two issues he raised in his *pro se* PCRA petition. **See** Response to No-Merit Letter, 9/8/23, at 1-7. Appellant further stated that PCRA counsel was ineffective for filing a no-merit letter without "review[ing] the entire record," for failing to request an assessment hearing on Appellant's ability to pay court fines, and for failing to request Recidivism Risk Reduction Incentive (RRRI). **Id.** at 7-8. The PCRA court conducted a hearing on November 21, 2023. On February 5, 2024, the PCRA court denied Appellant's PCRA petition. On March 5, 2024, Appellant

filed his *pro se* notice of appeal. On March 26, 2024, Appellant filed a statement pursuant to Pa.R.A.P. 1925(b), and the trial court filed a short 1925(a) opinion on April 2, 2024. This appeal followed.

Appellant raises these five issues, verbatim, on appeal:

ISSUE-(1). WHETHER THE LOWER COURT ERRED DENYING APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF PCRA COUNSEL FOR FAILURE TO RAISE TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE IN NOT RAISING AN OBJECTION FOR THE TRIAL COURT'S FAILURE TO CONDUCT AN ASSESSMENT HEARING TO DETERMINE WHETHER APPELLANT COULD AFFORD TO PAY THE COURT FINES IMPOSED.

ISSUE-(2). WHETHER THE LOWER COURT ERRED DENYING APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF PCRA COUNSEL FOR FAILURE TO RAISE TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE IN NOT INVESTIGATING INTO APPELLANT'S MENTAL HEALTH DIMINISHED CAPACITY.

ISSUE-(3). WHETHER THE LOWER COURT ERRED DENYING APPELLANT'S INEFFECTIVE ASSISTANCE OF PCRA COUNSEL FOR FAILURE TO RAISE TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE IN NOT REQUESTING APPELLANT TO BE SENTENCED AS ELIGIBLE TO RRRI STATUS SENTENCING.

ISSUE-(4). WHETHER THE LOWER COURT ERRED DENYING APPELLANT'S INEFFECTIVE ASSISTANCE OF PCRA COUNSEL FOR FAILURE IN NOT RAISING TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO RAISE APPELLANT'S SENTENCE TIME CREDIT.

ISSUE-(5). WHETHER THE LOWER COURT ERRED FOR FAILURE IN NOT RAISING TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE IN NOT RAISING AN OBJECTION TO APPELLANT'S SECOND AMENDMENT RIGHT TO BEAR ARMS.

Appellant's Br. at 4.

Our standard of review of an order denying a PCRA petition is well-settled:

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Each of Appellant's five claims of error are layered ineffectiveness claims, asserting that PCRA counsel was ineffective in failing to raise guilty plea counsel's ineffectiveness. Pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the dismissal of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. **See id.** at 401-05. However, Pennsylvania courts have clarified that "**Bradley** did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims." **Commonwealth v. Lawrence**, 309 A.3d 152, 155 (Pa. Super. 2024).

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such

claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Commonwealth v. Parrish*, 273 A.3d 989, 1002 (2022) (quoting *Bradley, supra* at 402 (cleaned up).

In addressing Appellant's ineffectiveness claims, we are guided by the following principles:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975-76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000). . . . Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce, supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa. Super. 2018) (quoting *Commonwealth v. Natividad*, 938 A.2d 310, 321 (Pa. 2007)).

Further, "[a] petitioner's failure to satisfy any prong of this test is fatal to the claim." *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citation omitted). "[A] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails

under any necessary element of the **Strickland** test, the court may proceed to that element first." **Commonwealth v. Sepulveda**, 55 A.3d 1108, 1117-18 (Pa. 2012) (citing **Strickland, supra**; **Commonwealth v. Albrecht**, 720 A.2d 693, 701 (Pa. 1998)).

In Appellant's first issue, he claims that guilty plea counsel was ineffective for failing to object to the trial court's failure to conduct an assessment hearing to determine whether Appellant could afford to pay the court fines imposed. Regarding the imposition of non-mandatory fines,

> The court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

42 Pa.C.S.A. § 9726(c).

In support of his claim that the court was required to hold a hearing on his ability to pay, Appellant relies on **Commonwealth v. Ford**, 217 A.3d 824 (2019). In **Ford**, our Supreme Court held that a defendant's agreement to pay a specific fine as part of a negotiated plea agreement did not constitute evidence that the defendant would be able to pay the fine. The Court stated that trial courts should consider whether a defendant is or will be able to pay any negotiated fines before accepting the parties' plea agreement. **Id.** at 830-31. "If the court finds that the defendant cannot afford to pay one or more negotiated fines, then the proposed sentence is illegal and the proposed guilty plea agreement should be rejected." **Id.** at 831. Thus, the **Ford** Court concluded that because no inquiry had been made into the defendant's ability

to pay the agreed-upon fines, the non-mandatory fines imposed as part of the defendant's sentence were illegal. *See id*.

Initially, we note that Appellant has failed to include the dollar amount of the fines he was ordered to pay, whether the fines were statutorily mandated on non-mandatory, or an assertion that he is unable to pay the fines. Appellant has also failed to include citations to the record, merely stating that "the certified trial record is *sub silento* as to any assessment hearing[.]" Appellant's Br. at 7. Nonetheless, our independent review of the record revealed that Appellant was ordered to pay a fine of $500 on each count of fleeing or attempting to elude a police officer, and a fine of $200 on each count of driving under suspension. N.T., 10/3/22, at 13-16.

The statue for fleeing or attempting to elude a police officer relevantly states, "Any driver upon conviction **shall pay an additional fine of $ 500**. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties." 75 Pa.C.S.A. § 3733(a.2)(1) (emphasis added). The statute for driving under suspension states,

> any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and **shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200**.

75 Pa.C.S.A. § 1543(a) (emphasis added).

The fines Appellant was ordered to pay are mandated by statute and do not deviate from the statutory dollar amounts. "It is well-established that

- 8 -

section 9726(c) does not apply to mandatory fines." ***Commonwealth v. May***, 271 A.3d 475, 482 (Pa. Super. 2022). Thus, a presentence hearing on the ability to pay a mandatory fine is not required. ***Id***. Because the trial court was not required to hold a hearing on Appellant's ability to pay his fines, Appellant's first claim lacks arguable merit. Consequently, guilty-plea counsel was not ineffective for failing to object to the lack of a hearing by the trial court, and PCRA counsel was not ineffective for failing to raise this claim.

Appellant's second claim is that guilty-plea counsel was ineffective for failing to investigate Appellant's mental health capacity. We note that Appellant does not claim that an assessment into his mental health records would have mitigated the crimes charged or the sentence imposed. Appellant acknowledges that his guilty-plea counsel and the trial court were aware of his mental health issues. Instead, Appellant claims that a mental health investigation would have revealed if he had the ability to enter a knowing and intelligent guilty plea. Appellant's Br. at 10.

"With regard to an attorney's duty to investigate [a defendant's mental health], . . . the reasonableness of a particular investigation depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation." ***Commonwealth v. Willis***, 68 A.3d 997, 1002 (Pa. Super. 2013) (holding that plea counsel was not ineffective for failing to further investigate the defendant's mental health where defendant represented during his plea colloquy that he was not under

the influence and was not impeded in any way). ***See also Commonwealth v. Lewis***, 743 A.2d 907 (Pa. 2000) (holding neither trial nor appellate counsel was ineffective for failing to investigate whether appellant suffered from brain damage or serious mental illness where appellant showed no indication of mental illness during pre-trial proceedings or at trial).

Here, trial court conducted an oral colloquy that meets the standards necessary to comport with what is required by Pa.R.Crim.P. 590, and Appellant was specifically questioned regarding his mental health. The following exchange took place between the trial court and Appellant:

THE COURT: Sir, you filled out this guilty plea colloquy?

THE DEFENDANT: Yes.

THE COURT: Did you understand all of the questions?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you answer all of those questions truthfully and accurately?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You indicate you're being treated for [] some mental health issues. Is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You said you haven't taken any alcohol or drugs, but are you taking medication out at the York County Prison for the mental health issues?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you take that within the last 24 hours?

- 10 -

THE DEFENDANT: Yes, Your Honor.

THE COURT: Does that in any way affect your ability to understand what you are doing here today?

THE DEFENDANT: No.

THE COURT: Does the bipolar issue – I apologize for that. Does the mental health issue affect your ability to understand what you're doing here today?

THE DEFENDANT: No, Your Honor.

THE COURT: I know there is occasions when you have that disability that your behavior becomes aberrant and you don't know what you're doing. Are you experiencing any manic episodes at this point?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you understand clearly what it is that you're giving up?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you understand, sir, that in most of these cases, except for the driving under suspension, there are some summaries, driving under suspension are the ones that you only have a right you have a right to have a jury trial or a non-jury trial, but in those summary offenses you only have the right to have a non-jury trial, and you're giving that right up. Is that what you want to do?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand how we conduct our trials in Pennsylvania, what it is that you're giving up by entering this plea of guilty?

THE DEFENDANT: Yes, Your Honor.

N.T., 10/3/22, at 6-7.

- 11 -

A defendant is bound by statements he makes during a plea colloquy. ***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001). Appellant clearly stated to the court that he was not experiencing a mental health episode at the time, that he was properly taking his prescribed medication, and that the medication did not affect his ability to understand his guilty plea. Appellant engaged in rational and intelligent exchanges with both his guilty plea counsel and the trial court during his plea hearing. And as evidenced by the transcript, the trial court inquired into Appellant's mental health *prior* to him pleading guilty and being sentenced. To the extent Appellant suggests plea counsel was ineffective for failing to order a PSI report, Appellant ignores the fact that he entered a negotiated plea agreement, including a sentence; and the court imposed the agreed-upon sentence.

Because Appellant has failed to aver, much less demonstrate, that a mental health investigation would have a reasonable probability of his case resulting in a different outcome, we conclude that he was not prejudiced by guilty-plea counsel failing to investigate his mental health. Without asserting that an investigation into his mental health records would have mitigated the crimes charged or the sentence imposed, Appellant states only that a mental health investigation would have revealed if he had the ability to enter a knowing and intelligent guilty plea. However, the trial court determined that Appellant had the ability to enter his plea based on his responses during the

colloquy, and there is no evidence that Appellant would have responded differently during the colloquy had a mental health investigation been conducted. There is no indication that any evidence should have caused his counsel to conduct further investigation. Thus, we conclude that the PCRA court did not err by determining that guilty plea counsel was not ineffective for failing to investigate Appellant's mental health prior to his guilty plea. Accordingly, PCRA counsel was not ineffective for failing to raise this meritless claim.

Appellant's third claim is that plea counsel was ineffective for failing to request that Appellant be sentenced as eligible for recidivism risk reduction incentive (RRRI) status. Specifically, Appellant asserts that he qualifies for RRRI, that the trial court failed to sentence him pursuant to the RRRI Act, that trial counsel was ineffective for failing to request an RRRI sentence, and that PCRA counsel was ineffective for failing to raise this claim. Appellant's Br. at 12.

Pursuant to 42 Pa.C.S.A. § 9756(b.1), a sentencing court must determine whether a criminal defendant "is eligible for a recidivism risk reduction incentive minimum sentence," and if he is eligible, such a sentence "shall" be imposed. 42 Pa.C.S.A. § 9756(b.1); 61 Pa.C.S.A. § 4505 ("At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender."). Where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an

RRRI minimum sentence as required, the sentence is illegal. ***Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010).

While Appellant has not demonstrated that he is RRRI eligible,[4] his underlying claim has arguable merit because he correctly points out that the trial court did not place a determination on the record whether Appellant is eligible or ineligible for RRRI. ***See*** N.T., 10/3/22, at 15-16. Based on our review of the commitment sheets in the certified record, the trial court also failed to "check" off the box indicating if Appellant is eligible or ineligible for RRRI. ***See, generally***, Commitment Sheets, 10/11/22. The trial court determined, both on the record at sentencing and on Appellant's commitment forms, that Appellant was eligible for the state drug treatment program—an alternative to RRRI—but the trial court's silence on Appellant's RRRI eligibility was error. And, although Appellant raised this issue in his response to PCRA

_____

[4] A defendant is not eligible for RRRI if he, *inter alia*, has demonstrated a history of violent behavior, or has been convicted of violating section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act when a particular sentence was imposed. 61 Pa.C.S.A. § 4503(1), (6). Here, Appellant has been convicted of harassment resulting in physical contact pursuant to 18 Pa.C.S.A. § 2709(a)(1), as well as possession with intent to deliver pursuant to 35 P.S. § 780-113(a)(30). For these reasons, Appellant may be ineligible for RRRI. ***See Commonwealth v. Chester***, 101 A.3d 56 (Pa. 2014) (RRRI Act excludes from eligibility defendants with a history of violent behavior which covers violent behaviors not otherwise specifically identified in the Act's definition of "eligible offender"). Nonetheless, where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal. ***Robinson, supra***. An illegal sentence must be vacated. ***See Commonwealth v. Randal***, 837 A.2d 1211, 1214 (Pa. Super. 2003).

counsel's no-merit letter, the PCRA court did not address this issue at the hearing. **See, generally**, N.T., 11/21/23. Thus, Appellant is serving an illegal sentence. 42 Pa.C.S.A. § 9756(b.1); **Robinson, supra**.

Plea counsel, and likewise PCRA counsel, had no rational basis for failing to raise a challenge to Appellant's illegal sentence. Although Appellant fails to include any pertinent discussion of the ineffective assistance prongs, counsels' failures prejudiced Appellant because it caused him to serve an illegal sentence. **See Commonwealth v. Thorne**, 276 A.3d 1192, 1196 (Pa. 2022) (stating appellate court may raise and consider illegal sentencing issue *sua sponte*). Thus, plea counsel was ineffective for failing to object at sentencing or file a post-sentence motion requesting Appellant's RRRI eligibility be determined. Likewise, PCRA counsel was ineffective for failing to raise the issue of Appellant's illegal sentence. Accordingly, we are compelled to remand for resentencing on the RRRI issue.

Appellant's fourth issue is that he was deprived of his right to credit for time served, and that trial counsel and PCRA counsel were ineffective for failing to raise this claim. Specifically, Appellant remained in custody from March 10, 2019 to April 26, 2020, totaling 414 days. As part of Appellant's guilty plea, he waived the 414 days of time served in order to be considered eligible for the state drug treatment program. Appellant contends that 42 Pa.C.S.A. § 9760 "mandates" that he is entitled to that time credit as of right. Appellant's Br. at 13.

Initially, we note that Appellant's statements in his response to PCRA counsel's no-merit letter contradicts the argument in his brief. In his response he stated, "Defendant was under the impression that if he waived time credit that he would go to a drug treatment program." Appellant's Response, 9/8/23, at 3. Thus, Appellant seems to acknowledge that he knowingly agreed to waive time served as part of the negotiated plea agreement to receive the benefit of the bargain, *i.e.*, eligibility for the state drug treatment program. However, Appellant now asserts in his brief that "no one in their right frame of mind would waive 'time credit' spent in prison, except a person who does not understand the ramification of the waiver, like Appellant." Appellant's Br. at 10. Thus, Appellant has changed his argument to now claim that his waiver of time served was not knowing or intelligent. Appellant's Br. at 13.

Even if Appellant's arguments on this issue were consistent, the issue is meritless. In general, a defendant is entitled to credit for time spent in custody prior to and during trial. 42 Pa.C.S.A. § 9760(1). However, that right, like many other constitutional and statutory rights, can be waived. **See Commonwealth v. Byrne**, 833 A.2d 729, 735 (Pa. Super. 2003) ("Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him.").

As part of Appellant's plea bargain, he sought to be eligible for the state drug treatment program.

> The [State Intermediate Punishment, ("SIP")] statute specifically states that a defendant will not receive credit for time served while incarcerated in a county correctional facility. 61 Pa.C.S. § 4105(b). A plain reading of the statute reveals that Appellant's SIP sentence could only include time spent in the actual program plus the time spent during the evaluation process at an approved state correctional institution. ***See*** 61 Pa.C.S. § 4105(b)(1)-(4)[.]

***Commonwealth v. Kuykendall***, 2 A.3d 559, 563 (Pa. Super. 2010). During Appellant's guilty plea hearing, the following was stated on the record:

> ATTORNEY MAISCH: Before we start, just so we have an understanding, the aggregate sentence we're looking for is a 5- to 10- year sentence. In order to accomplish that, he's agreed to waive credit time on two of the dockets and that then gets us to the 5 to 10 that we're looking for is an aggregate resolution. That's kind of outlined at the bottom. Basically what we're looking for is a 5 to 10 out of all of these charges here. We'll march through each one of them to come up with that. It's going to total up to more than 5 to 10, but once he waives some credit time, it gets us down to that. Does that sound about right, Attorney Neiderhiser?
>
> ATTORNEY NEIDERHISER: Yeah, all of the charges will run concurrently under a main 5 to 10 at the bottom. As you see he does have prior credit in 2019 and 2020 totalling [*sic*] 414 days. He's waiving that credit time, Your Honor. The reason we're doing it this way is so that he can be eligible based on the sentence for the state drug treatment program.
>
> ATTORNEY MAISCH: We're doing that so number-wise he can ask for it, the Commonwealth is not saying that he is appropriate for it, but if you go by the numbers, he can ask. He does have a prior record score of five, so we'll see how this goes when he gets up state.
>
> THE COURT: Okay.
>
> * * *

- 17 -

THE COURT: I note in some of these sentences that are being proposed, you are giving up an aggregate of 414 days. I am looking at that and it says, "March 10th of 2019 through April 26th of 2020 is 414.["] Then there is April 30th of 2022 through September 30th of 2022 is 157. Is he not giving [up that] credit?

ATTORNEY NEIDERHISER: That's correct, Your Honor. The April 30th until today is 157 days credit. He is still going to get that as part of the sentence.

ATTORNEY MAISCH: Yes, Your Honor.

THE COURT: Okay. In all of these cases we'll accept the Defendant's pleas of guilty. We find them to be knowingly and voluntarily entered. We sentence him, pursuant to the terms of the plea agreement.

* * *

[THE COURT:] All of these counts and cases shall run concurrently with each other. Defendant is waiving any right he would have to claim credit for time served in the amount of 414 days from March 10th of 2019 through April 26th of 2020.

N.T., 10/3/22, at 2-3, 12-13, 15.

The trial court determined during Appellant's colloquy that his waiver and pleas were knowing, voluntary, and intelligent. Appellant waived the 414 days as part of a bargained-for plea agreement from the Commonwealth in order to be eligible for the treatment program. Additionally, the trial court, Appellant's plea counsel, and the attorney for the Commonwealth each explained the purpose for this exchange. Appellant stated that he understood the rights he was giving up. N.T., 10/3/22, at 7. "We are aware of no authority that provides an impediment to a defendant's express, knowing, and voluntary waiver of a statutory right if that waiver is key in obtaining a bargained-for

- 18 -

exchange from the Commonwealth." ***Byrne***, 833 A.2d at 736. Therefore, we are satisfied that Appellant's waiver of his time credit was knowing, voluntary, and intelligent.

To obtain relief on a claim that plea counsel should have filed a post-sentence motion to withdraw a guilty plea, a defendant must first prove that he timely asked counsel to file a post-sentence motion. ***Commonwealth v. Cook***, 547 A.2d 406, 408 (Pa. Super. 1988) Appellant has presented no evidence that he requested that his plea counsel file a motion to withdraw the guilty plea. ***See Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa. Super. 2006) ("counsel cannot be faulted for failing to perform an action that [defendant] never requested"). Additionally, Appellant cannot demonstrate that he suffered prejudice. ***See Commonwealth v. Munson***, 615 A.2d 343, 350 (Pa. Super. 1992) (counsel held not to be ineffective for failing to file a motion to withdraw a plea because the guilty plea colloquy "established conclusively" that the plea was knowing, voluntary, and intelligent; "counsel cannot be deemed ineffective for failing to file an obviously meritless motion"); ***Commonwealth v. Zorn***, 580 A.2d 8, 12-13 (Pa. Super. 1990) (counsel was not ineffective for failing to file a motion to withdraw a guilty plea because there was "no manifest injustice . . . justifying withdrawal").

Appellant attempted to establish the prejudice prong during his PCRA hearing, arguing that he has yet to be accepted into the treatment program. N.T., 11/21/23, at 7. In short, he waived 414 days of time served in order to

be eligible for the treatment program, but he learned he may never qualify for it due to his other convictions. *Id*. This is not prejudice; "eligibility" for the program, not entry into the program, is what Appellant bargained for.

> Through the use of sentencing guidelines, the commission shall employ the term "***eligible person***" as defined in this chapter to further identify persons who would be ***potentially appropriate for participation*** in the State drug treatment program. The sentencing judge shall employ the sentencing guidelines to identify persons who are eligible for participation in the State drug treatment program.

61 Pa.C.S.A. § 4104(a)(1) (emphasis added). Thus, the sentencing judge can only determine one's eligibility for the program. *Id*. The statute requires the department of corrections to conduct an assessment to determine if the "eligible person would benefit from the State drug treatment program and placement in the program is appropriate." 61 Pa.C.S.A. § 4104(b), (c).

Instantly, Appellant was deemed "eligible" for the treatment program, meaning he is "potentially appropriate for participation." As the Commonwealth's attorney stated at sentencing, "he can ask for [the treatment program], the Commonwealth is not saying that he is appropriate for it, but if you go by the numbers, he can ask. He does have a prior record score of five, so we'll see how this goes when he gets up state." N.T., 10/3/22, at 13. Further, the PCRA court explained to Appellant at the PCRA hearing:

> Well, you probably don't get the drug treatment program because of the gun charge. That was a risk you always took. Look, we can't make the Department of Corrections say, put him in a drug treatment program. We can only send you to prison with the sentence that allows for at least the last two years to be put in a state drug treatment program.

N.T., 11/21/23, at 10.

The PCRA court's ruling is supported by evidence of record and we discern no legal error. We conclude that neither plea counsel or PCRA counsel were ineffective for failing to raise this meritless issue.

Appellant's fifth issue is that trial counsel and PCRA counsel were ineffective for failing to assert Appellant's Second Amendment right to bear arms when he was charged with persons not to possess a firearm. Specifically, Appellant illogically states that trial counsel should have "object[ed] to Appellant's Second Amendment right to bear arms." Appellant's Br. at 14.

First, we note that this claim in Appellant's brief is woefully undeveloped. His entire argument for this claim is three sentences long. *See* Appellant's Br. at 14. Appellant cites only to **Commonwealth v. Alford**, 290 A.3d 681 (Pa. Super. 2022), a case in which the appellant claimed on direct appeal that his convictions for persons not to possess firearms and firearms not to be carried without a license are unconstitutional under the Second Amendment.[5]

_____

[5] Under the mistaken belief that **Alford** is pending a decision in the Pennsylvania Supreme Court, Appellant requests that the Court usurps this fifth issue in his instant appellate brief and combine it with the **Alford** case for a consolidated outcome pursuant to what he calls the "King's Bench Matters." Appellant's Br. at 14. To the extent Appellant sought to invoke the King's Bench powers, that is an authority exercised only by our Supreme Court, not this Court. **Commonwealth v. Williams**, 129 A.3d 1199, 1206 (Pa. 2015). We note that the Pennsylvania Supreme Court merely remanded the case to the Superior Court for reconsideration. **See Commonwealth v.**
*(Footnote Continued Next Page)*

Appellant falls short of claiming that the statute under which he was convicted is unconstitutional, either facially or as applied to him. He also fails to include any discussion of the merit, rational basis, or prejudice prongs of the ineffective assistance analysis. Accordingly, we deem this issue waived. *Banfield v. Cortes*, 110 A.3d 155, 168 (Pa. 2015) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

Based on the foregoing, we vacate the judgment of sentence and return this case to the trial court for resentencing. Accordingly, we affirm the PCRA order in part because Appellant is entitled to no relief on four of the issues he raised, we reverse the PCRA order in part, vacate the judgment of sentence, and remand for resentencing limited to a consideration and determination of Appellant's eligibility for RRRI. *See Robinson*, 7 A.3d at 875; *Commonwealth v. Risoldi*, 276 A.3d 279, 281-82 (Pa. Super. 2022).

Order affirmed in part and reversed in part; judgment of sentence is vacated and the case is remanded for resentencing. Jurisdiction relinquished.

Judge King joins the memorandum.

Judge Nichols concurs in the result.

---

*Alford*, 309 A.3d 696 (Pa. 2023). We further note that Appellant has not developed or even raised the same issue as in the *Alford* case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025